QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
Bruce E. Van Dalsem (Bar No. 124128)
brucevandalsem@quinnemanuel.com
Yonaton Rosenzweig (Bar No. 248137)
yonirosenzweig@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiffs
Alliance Atlantis Releasing Limited,
dba Momentum Pictures, Aurum
Producciones S.A., Alliance Films, Inc.

NAHAI LAW GROUP
Behzad Nahai, Esq., (Bar No. 112759)
Mark F. Wendorff, Esq., (Bar No. 180900)
10850 Wilshire Blvd., Suite 1100
Los Angeles, California 90024
Telephone: (310) 470-2000
Facsimile: (310) 470-2003
Attorneys for Defendant Bob Yari Productions

FILED
CLERK, U.S. DISTRICT COURT
SEP - 3 2009
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALLIANCE ATLANTIS RELEASING LIMITED, an England and Wales corporation, dba MOMENTUM PICTURES, AURUM PRODUCCIONES S.A., a Spain corporation, and ALLIANCE FILMS INC., a Canada corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>BOB YARI PRODUCTIONS, a California corporation; and DOES 1-10,<br><br>Defendants. | CASE NO. CV 09-1618 GW (SSx)<br><br>**DISCOVERY MATTER**<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER** |

1  WHEREAS, in the course of discovery in the above-captioned civil
2  action, it may be necessary for the parties to disclose proprietary and other
3  confidential information to opposing counsel, expert witnesses, or other persons;
4
5  IT IS HEREBY STIPULATED by the parties that this Protective Order
6  should be entered.
7
8  1.  This Protective Order shall be applicable to and govern all
9  depositions, documents produced in response to requests for production of
10 documents or subpoenas demanding the production of documents, answers to
11 interrogatories, responses to requests for admissions and all other discovery taken
12 pursuant to the Federal Rules of Civil Procedure, as well as any other information
13 which is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL,"
14 hereafter furnished by or on behalf of any party or nonparty in connection with this
15 action.
16
17 2.  For purposes of this Protective Order, the terms
18 "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" are defined as follows:
19
20 (a) CONFIDENTIAL material shall be defined as matter
21 discussed in paragraph 1 which, when considered in isolation or when taken as a
22 whole, discloses trade secrets, as defined under California Civil Code §§ 3426.1 (a
23 pattern, compilation, program, method, technique, or process that derives
24 independent economic value, actual or potential, from not being generally known to
25 the public or to other persons who can obtain economic value from its disclosure or
26 use, and is the subject of efforts that are reasonable under the circumstances to
27 maintain its secrecy.) In this matter, such categories include: banking information,
28 budgets, client lists, development partners, development plans, distribution

channels, finance methods, marketing data, personnel rules and regulations, projects and scripts under development, profit and loss statements, and strategic planning documents or communications.

      (b)   HIGHLY CONFIDENTIAL material shall be defined as CONFIDENTIAL material that may reasonably result in competitive injury if it were disclosed to the non-disclosing party in this matter or to entities with whom the non-disclosing party may negotiate for future business relationships.

3. A party or nonparty shall designate material or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" only to the extent the party or nonparty in good faith believes that the material or information qualifies for such treatment under the definitions of those terms as set forth above. <u>The blanket designation of material or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL, en masse, and/or without regard to the specific contents of the material or information, is prohibited.</u>

4. Material or information governed by this Protective Order shall be used by any recipient thereof solely for the purpose of conducting this litigation, and not for any other purpose whatsoever, and such information shall not be disclosed to anyone except as provided herein.

5. Any party serving a subpoena calling for the production of documents on any nonparty shall serve a copy of this Protective Order on the nonparty concurrently therewith or, if this protective order is not yet entered when a subpoena is served, as soon as practicable after entry of the Protective Order.

6. Parties or nonparties may designate CONFIDENTIAL or HIGHLY CONFIDENTIAL material or information as follows:

(a) In the case of documents, exhibits, briefs, memoranda, interrogatory answers, responses to requests for admissions, and the information contained therein, designation shall be made by placing a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend, as is appropriate, on: (i) each page containing any CONFIDENTIAL or HIGHLY CONFIDENTIAL information or material; or (ii) physically on the outside of any media for storing electronic documents, at the time such documents are produced or such information is disclosed, or as soon thereafter as the party or nonparty seeking protection becomes aware of the confidential or highly confidential nature of the information or material disclosed and sought to be protected hereunder. The term "document," as used in this Protective Order, shall have the broadest meaning permissible under the Federal Rules of Civil Procedure and shall include, without limitation, all "documents" as defined in the Federal Rules of Civil Procedure 34(a)(1)(A), and any information stored in or through any computer system or other electronic or optical data storage device.

(b) In the case of depositions or other pretrial testimony, designation of those transcripts (including exhibits) which contain CONFIDENTIAL or HIGHLY CONFIDENTIAL material or information shall be made by a statement to such effect on the record during the course of the deposition by any counsel. Counsel shall attempt to identify and designate in good faith those portions of the transcript and exhibits which contain CONFIDENTIAL or HIGHLY CONFIDENTIAL material or information, and those portions of the transcript and exhibits so identified shall be separately marked by the court reporter as containing CONFIDENTIAL or HIGHLY CONFIDENTIAL material or information. If no

such designation is made by a statement to such effect on the record during the course of the deposition, within thirty (30) days after the mailing of the transcript to counsel by the court reporter, counsel may designate portions of the transcript and exhibits as containing CONFIDENTIAL or HIGHLY CONFIDENTIAL material or information by serving notice upon all other parties. Such notice shall specify the particular portions of the transcript that counsel wishes to designate as containing CONFIDENTIAL or HIGHLY CONFIDENTIAL material or information by listing on a separate sheet of paper the numbers of the pages of the transcript and exhibits containing CONFIDENTIAL or HIGHLY CONFIDENTIAL material or information so that the sheet may be affixed to the face of the transcript and each copy thereof. If no designation is made by a statement to such effect on the record during the course of the deposition or within thirty (30) days after the mailing of the transcript to counsel by the court reporter, the transcript shall be considered not to contain any CONFIDENTIAL or HIGHLY CONFIDENTIAL material or information. Portions of the transcript (including exhibits) designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL may only be disclosed in accordance with the terms of this Protective Order.

7. Material or information designated as CONFIDENTIAL may be disclosed only to the following persons:

(a) Any employee, agent or other representative of a party to this action, disclosure to whom is necessary for the furtherance of this litigation;

(b) Outside counsel of record in this litigation and staff and supporting personnel of such attorneys, such as paralegal assistants, secretarial, stenographic and clerical employees and contractors, and outside copying services, who are working on this litigation under the direction of such attorneys and to whom

it is necessary that the material or information be disclosed for purposes of this litigation;

      (c)    Persons who are expressly retained or sought to be retained by a party as consultants or testifying experts, such as accountants, statisticians, economists, industry or technical experts; provided that the disclosure of CONFIDENTIAL material or information to any persons under this subparagraph shall only be to the extent necessary to perform their work on this litigation;

      (d)    Any person of whom testimony is taken in this action, to the extent that the person had lawfully received or authored the CONFIDENTIAL material or information that is the subject of the testimony and/or examination, or is an employee of the designating party. During examination, any such witness may be shown CONFIDENTIAL material or information which appears on its face, or from other documents or testimony, to have been authored by that witness or received by that witness from, or communicated to that witness by, the party who designated the material or information as CONFIDENTIAL, or which has been designated CONFIDENTIAL by the employer of the witness. In the event that counsel for a party believes it is necessary during the course of a deposition to show CONFIDENTIAL material or information to a third party who is otherwise not permitted access to such CONFIDENTIAL material or information under the terms of this Protective Order, counsel may do so, provided that the witness agrees, in writing, to be bound by this Protective Order, and provided that the portion of the deposition transcript relating to the CONFIDENTIAL material or information is also designated as CONFIDENTIAL;

(e)     Any other persons who are designated to receive CONFIDENTIAL material or information by order of a judicial officer, after notice to the parties, or by written stipulation of the parties;

(f)     Any judicial officer presiding over this case or related cases between the parties or their parents or affiliates;

(g)     Court reporters, interpreters and videographers employed in connection with this action or related actions between the parties or their parents or affiliates.

(h)     Authors or recipients of the document or material, as determined from the face of the document or its contents.

8.      Each person identified in Paragraphs 7(c), (d), or (e) (except for employees of the designating party), to whom CONFIDENTIAL material or information is to be disclosed, shall, prior to receiving such material or information, be furnished with a copy of this Protective Order, and a copy of the acknowledgment attached hereto as Exhibit A, which such person shall read and sign. Counsel for the party seeking to disclose CONFIDENTIAL material or information to any such person shall be responsible for permanently retaining the executed originals of such acknowledgments. Copies of any such acknowledgment shall be provided to counsel of record by e-mail or facsimile as soon as practicable but in no event later than seventy-two (72) hours after the close of the presentation of all evidence by all sides at the trial of this action or after the execution of settlement documents, whichever is earlier.

9. Material or information designated as HIGHLY CONFIDENTIAL may be disclosed only to the following persons:

    (a) Outside counsel of record in this litigation and staff and supporting personnel of such attorneys, such as paralegal assistants, secretarial, stenographic and clerical employees and contractors, and outside copying services, who are working on this litigation under the direction of such attorneys and to whom it is necessary that the material or information be disclosed for purposes of this litigation;

    (b) Persons who are expressly retained or sought to be retained by a party as consultants or testifying experts, such as accountants, statisticians, economists, industry or technical experts, who are independent of and are not, and have not been, employees of any party or producing non-party; provided that the disclosure of HIGHLY CONFIDENTIAL material or information to any persons under this subparagraph shall only be to the extent necessary to perform their work on this litigation;

    (c) Any person of whom testimony is taken in this action, to the extent that the person had lawfully received or authored the HIGHLY CONFIDENTIAL material or information that is the subject of the testimony and/or examination, or is an employee of the designating party. During examination, any such witness may be shown HIGHLY CONFIDENTIAL material or information which appears on its face, or from other documents or testimony, to have been authored by that witness or received by that witness from, or communicated to that witness by, the party who designated the material or information as HIGHLY CONFIDENTIAL, or which has been designated HIGHLY CONFIDENTIAL by the employer of the witness. In the event that counsel for a party believes it is

necessary during the course of a deposition to show HIGHLY CONFIDENTIAL material or information to a third party who is otherwise not permitted access to such HIGHLY CONFIDENTIAL material or information under the terms of this Protective Order, counsel may immediately seek consent to do so from counsel for the designating party or nonparty, who shall not unreasonably withhold such consent. If such consent is withheld, the requesting counsel may apply to the Court for relief;

(d) Any other persons who are designated to receive HIGHLY CONFIDENTIAL material or information by order of a judicial officer, after notice to the parties, or by written stipulation of the parties;

(e) Any judicial officer presiding over this case or related cases between the parties or their parents or affiliates;

(f) Court reporters, interpreters and videographers employed in connection with this action or related actions between the parties or their parents or affiliates.

(g) Authors or recipients of the document or material, as determined from the face of the document or its contents.

10. Each person identified in Paragraphs 9(b), (c), or (d) (except for employees of the designating party), to whom material or information designated HIGHLY CONFIDENTIAL is to be disclosed, shall, prior to receiving such material or information, be furnished with a copy of this Protective Order, and a copy of the acknowledgment attached hereto as Exhibit B, which such person shall read and sign. Counsel for the party seeking to disclose HIGHLY CONFIDENTIAL material or information to any such person shall be responsible

for permanently retaining the executed originals of all such acknowledgments. Copies of any such acknowledgment shall be provided to counsel of record by email or facsimile as soon as practicable but no later than seventy-two (72) hours after the close of the presentation of all evidence by all sides at the trial of this action or after the execution of settlement documents, whichever is earlier.

11. The recipient of any material or information subject to this Protective Order shall maintain such information in a manner intended to preserve, and shall use its best efforts to maintain, the confidentiality of such information.

12. Nothing contained in this Protective Order shall affect the right of any party to make any objection, claim any privilege, or otherwise contest any request for production of documents, interrogatory, request for admission, or question at a deposition or to seek further relief or protective order from the Court. Nothing in this Protective Order shall constitute an admission or waiver of any claim or defense by any party.

13. In the event that any material or information subject to this Protective Order is used, described, characterized, excerpted or referenced in, or attached to, any subsequent court proceeding or submission in connection with this litigation, (i) it shall not lose its CONFIDENTIAL or HIGHLY CONFIDENTIAL status through such use, (ii) the parties shall take all steps reasonably required to protect its confidentiality during such proceedings, and (iii) the party filing such material or information shall file the materials conditionally under seal and concurrently apply to file the confidential documents, materials, or portions thereof under seal pursuant to Central District Local Rule 79-5.1. Envelopes used to apply for filing under seal and to conditionally lodge under seal shall carry the notation: "SUBJECT TO PROTECTIVE ORDER -- FILED UNDER SEAL" and shall

comply with all requirements of the Federal Rules, the Central District of California and judge's rules for filing material or information under seal.

14. In the event that any party to this litigation disagrees with the designation, such party shall proceed under Local Rule 37, including taking all reasonable step to resolve the matter in good faith through meeting and conferring, as required, prior to the filing of any motion. In the event that motions are filed under Local Rules 37 with respect to designations, parties agree to file papers no longer than five (5) pages in length. The burden of proving that information has been properly designated under this Protective Order is on the party or nonparty who made the designation.

15. Nothing in this Protective Order shall preclude any party to the lawsuit or its counsel: (a) from showing a document subject to this Protective Order to an individual who either prepared or reviewed the document prior to the filing of this action, or (b) from disclosing or using, in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

16. Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if the party or nonparty designating material or information pursuant to this Protective Order consents in writing to such disclosure, or if a court or arbitrator orders such disclosure. A party requested to disclose material or information designated pursuant to this Protective Order to a nonparty pursuant to a validly served subpoena, civil investigative demand, discovery procedure, or other formal discovery request, shall object to such production to the extent permitted by applicable law and notify the requesting nonparty of the existence of this Protective Order and that the material or information requested by

the nonparty has been designated under this Protective Order. The party shall also give notice of such request, by facsimile or e-mail and first class mail, upon the party which designated the material or information pursuant to this Protective Order as soon as is reasonably possible, but in all instances sufficiently prior to the date on which such designated material or information is to be produced to the nonparty.

17.  The inadvertent or unintentional disclosure by the supplying party of material or information subject to this Protective Order during the course of this litigation, regardless of whether the material or information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Counsel for the parties shall in any event, to the extent possible, upon discovery of inadvertent error, cooperate to restore the confidentiality of the material or information that was inadvertently or unintentionally disclosed.

18.  This Protective Order shall not be construed to apply to any information that: (a) is available to the public other than through a breach of this Protective Order or other duty of confidentiality; (b) a receiving party can demonstrate was already known to the party at the time of disclosure and was not subject to conditions of confidentiality; or (c) a receiving party can demonstrate was developed by that party independently of any disclosure by a designating party or nonparty.

19.  All counsel for the parties who have access to information or material or information designated under this Protective Order acknowledge they are bound by this Protective Order and submit to the jurisdiction of this Court for purposes of enforcing this Protective Order.

20. Within sixty (60) days after the termination of litigation between the parties, all material or information subject to this Protective Order shall be either returned to the party that produced it or destroyed and a certification of destruction supplied to the producing party; provided, however, that for each party, in-house and outside counsel may retain one complete and unredacted set of pleadings and papers filed with the court or arbitrator or served on the other party, including one full set of produced documents, solely for reference in the event of, and only in the event of, further proceedings or litigation between the parties, or a dispute over the use or dissemination of material or information subject to the terms of this Protective Order. Such retained copy of pleadings and papers shall be maintained in a file accessible only by in-house and outside counsel bound by this Protective Order. This Protective Order shall survive the final termination of this litigation with respect to any such retained material or information.

## GOOD CAUSE STATEMENT

The parties to this litigation anticipate that documents, materials, and other information will be disclosed in this matter which contains Confidential material, as that term has been defined in paragraph 2(a), above. The public disclosure or availability of these kinds of nonpublic information -- banking information, budgets, client lists, development partners, development plans, distribution channels, finance methods, marketing data, personnel rules and regulations, projects and scripts under development, profit and loss statements, and strategic planning documents or communications -- would cause a substantial competitive harm to the parties. Namely, such information could be used by competitors to obtain a competitive advantage with respect to an anticipated business project of a party; such information could result in interference with a relationship with a bank, client, employee, or development partner. In addition, such disclosures could result in the loss of trade secret protection.

DATED: August 6, 2009               NAHAI LAW GROUP

                                    By_____
                                    Behzad Nahai
                                    Mark F. Wendorff
                                    Attorneys for
                                    Bob Yari Productions


DATED: August 27, 2009              QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP

                                    By_____
                                    Bruce Van Dalsem
                                    Attorneys for
                                    Attorneys for Plaintiffs
                                    Alliance Atlantis Releasing Limited, dba
                                    Momentum Pictures, Aurum Producciones
                                    S.A., Alliance Films, Inc.

[~~Proposed~~] **ORDER**

Good cause appearing, it is SO ORDERED.

DATED: 9/3/09

Hon. Suzanne H. Segal
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
## ACKNOWLEDGMENT AND NON-DISCLOSURE AGREEMENT

I certify my understanding that material or information that has been designated "CONFIDENTIAL" is or was being provided to me pursuant to the terms and restrictions of the Protective Order dated August __, 2009, in the action titled *Alliance Atlantis Releasing Limited, et al. v. Bob Yari Productions*, CV-09-01618 (C.D. Cal). I have been given a copy of, and have read and understood, the Protective Order. I agree that I will not disclose any material or information designated as "CONFIDENTIAL" or any documents containing any information derived from such material to any other person, except as provided in the Protective Order or as ordered by the Court. I also agree not to disseminate any documents containing any information derived from material designated "CONFIDENTIAL," except as provided in the Protective Order. I hereby consent to the jurisdiction of this Court for purposes of enforcing this Protective Order.

Dated: _____

_____
NAME (SIGNATURE)

_____
NAME (PRINT)

_____
COMPLETE ADDRESS (PRINT)

_____
CAPACITY (e.g. expert, witness)

# EXHIBIT B

## ACKNOWLEDGMENT AND NON-DISCLOSURE AGREEMENT

I certify my understanding that material or information that has been designated "HIGHLY CONFIDENTIAL" is or was provided to me pursuant to the terms and restrictions of the Protective Order dated August __, 2009, in the action titled *Alliance Atlantis Releasing Limited, et al. v. Bob Yari Productions*, CV-09-01618 (C.D. Cal). I certify that I am not an employee of any party to this action. I have been given a copy of, and have read and understood, the Protective Order. I agree that I will not disclose any material or information designated as "HIGHLY CONFIDENTIAL" or any documents containing any information derived from such material to any other person, except as provided in the Protective Order or as ordered by the judge, arbitrator or a court. I hereby consent to the jurisdiction of this court or arbitration for purposes of enforcing this Protective Order. I represent and warrant that I will promptly advise all counsel of record in this action in writing in the event that, during the course of this action, and after I review material or information designated as "HIGHLY CONFIDENTIAL," I become employed by any party to this action.

Dated: _____

_____
NAME (SIGNATURE)

_____
NAME (PRINT)

_____
COMPLETE ADDRESS (PRINT)

_____
CAPACITY (e.g. expert, witness)